UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

---

BERNADETTE ETIENNE, an individual,   :

                Plaintiff,   :

v.   :

ALL SEASONS IN NAPLES, LLC and OAKLAND   :
MANAGEMENT CORPORATION a/k/a ALL
SEASONS NAPLES, A SENIOR LIVING
FACILITY,

                Defendant.   :

---

**COMPLAINT & DEMAND FOR JURY TRIAL**

BERNADETTE ETIENNE ("Plaintiff", "ETIENNE"), by and through her attorneys, alleges and states as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff, ETIENNE, brings this action against ALL SEASONS IN NAPLES, LLC and OAKLAND MANAGEMENT CORPORATION (hereinafter, "DEFENDANTS"), for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et. seq.* ("Title VII").

2. DEFENDANTS primary function is to manage properties under its control for its customers such as All Seasons Naples, a senior living facility.

3. ALL SEASONS IN NAPLES, LLC owns the fictitious name of All Seasons Naples.

4. All Seasons Naples acts as one and the same as OAKLAND MANAGEMENT CORPORATION by taking such actions which include but not limited to providing the

1

employee handbook of OAKLAND MANAGEMENT CORPORATION to employees of All Seasons Naples.

5. Plaintiff sues DEFENDANTS as the entities are one in the same.

6. ETIENNE is an African American woman.

7. In 2020, DEFENDANTS hired ETIENNE as a Certified Nursing Assistant ("CNA") because she was well qualified for the job.

8. ETIENNE was responsible for providing exemplary personalized care that meets the physical and social needs of the residents located at All Seasons Naples, 15450 Tamiami Trail North, Naples, Florida 34110 ("Facility").

9. Despite ETIENNE's stellar job performance and many accomplishments, DEFENDANTS subjected her to racial, and color discrimination in the workplace.

10. DEFENDANTS unlawfully terminated ETIENNE in or around January 21, 2021.

## JURISDICTION

11. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under Title VII.

## VENUE

12. Venue is proper in the Fort Myers Division of the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(2), because the events and omissions giving rise to the claims occurred in Fort Myers Beach, Florida.

13. Plaintiff, who, at all relevant times, was employed for DEFENDANTS as a CNA, in Naples, Florida, when the cause of action accrued.

14. DEFENDANTS at all material times, is and were Foreign Corporations, with their principal places of business in Michigan and doing business in Naples, Florida.

## CONDITIONS PRECEDENT

15. In or around April 16, 2021, ETIENNE timely filed a charge of racial, and color discrimination and retaliation with the Equal Employment Opportunity Commission (EEOC).

16. On or about November 1, 2021, the EEOC issued ETIENNE a Notice of Right to Sue.

17. This Complaint has been filed within ninety (90) days of receipt of that notice.

18. ETIENNE has fully complied with all prerequisites to jurisdiction in this Court under Title VII.

## PARTIES

19. ETIENNE is a Black woman who is domiciled in Fort Myers, Florida. ETIENNE is a citizen of the United States of America.

20. ETIENNE was an employee, as defined by Title VII.

21. Upon information and belief, DEFENDANTS are employers as defined by Title VII and within 42 U.S.C.A. § 2000e(b).

## FACTS

22. DEFENDANTS discriminated against ETIENNE due to her race, and color.

23. ETIENNE was unlawfully terminated in violation of Title VII.

24. ETIENNE, upon applying for this job, disclosed that she was unable to work on Saturdays.

25. Additionally, after ETIENNE was hired, she spoke with her then Supervisor and advised that she was not available to work on Saturdays and was unavailable to work overnight.

26. However, when asked, ETIENNE would cover shifts for her co-workers and if it was overnight, she would notify the co-worker and/or Supervisor of her scheduling limitations.

27. Despite her scheduling requests, ETIENNE began being targeted and was forced to work

on Saturdays and overnight shifts until 7 am.

## Count I
### Race and Color Discrimination in Violation of Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e-2(a)

28. ETIENNE repeats and realleges paragraphs 1 through 27 hereof, as if fully set forth herein.

29. Section 703 of Title VII, 42 U.S.C. § 2000e-2, prohibits employment practices that discriminate against persons on the basis of their race and color.

30. ETIENNE is an African American female with colored skin and is a member of a protected class.

31. DEFENDANTS discriminated against ETIENNE based on her race and color by treating her differently from non-minorities in terms of scheduling, treatment within the workplace, and termination.

32. ETIENNE was qualified for her position as a CNA.

33. As a direct, legal, and proximate result of the discrimination, ETIENNE was terminated and has sustained, and will continue to sustain, economic and emotional injuries, resulting in damages.

34. It is ETIENNE's understanding that she was replaced with a non-African American person without colored skin.

35. DEFENDANT'S unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiffs' right to be free from discrimination based on her Race and Color.

36. Plaintiff is entitled to her reasonable attorneys' fees and costs of suit.

## Count II
### Retaliation in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et al.

37. ETIENNE repeats and realleges paragraphs 1 through 27 hereof, as if fully set forth herein.

38. Prior to ETIENNE's termination, ETIENNE engaged in protected activity by reporting to Management about the unfair treatment she was receiving from her Supervisor and the hardship of working on Saturdays and working overnights.

39. ETIENNE, due to her race and color, was constantly being targeted by being written up by her Supervisor despite properly notifying her Supervisor and/or shift leader of the schedule conflicts.

40. Non-minorities were not treated this way.

41. Ultimately, several non-white employees were subject to termination including ETIENNE.

42. The adverse action was causally connected to her protected activity due to her race and color.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against DEFENDANTS as follows:

A. Accept jurisdiction over this matter;

B. Award Plaintiff damages which include but are not limited to past and future loss of wages and benefits, retirement benefits, plus interest;

C. In lieu of reinstatement, award Plaintiff front pay (including benefits);

D. Award to Plaintiff liquidated damages incurred in connection with this action, equal to the sum amount of backpay and interest;

E. Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this

action;

F.  Award to Plaintiff compensatory damages; and

G.  Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Dated this 31st day of January 2022.

>Light Path Law, P.A.
>*Attorneys for Plaintiff*
>3620 Colonial Blvd. #130
>Fort Myers, FL 33966
>Phone: (239) 689-8481
>Fax: (239) 294-3930
>kscott@lightpathlaw.com (Primary)
>dclark@lightpathlaw.com (Primary)
>cirick@lightpathlaw.com (Secondary)
>
>By: /s/ Kristie A. Scott
>Kristie A. Scott
>Florida Bar No. 108111
>Danielle N. Clark, Esq.
>Florida Bar No. 1022298