```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                    FORT MYERS DIVISION
```

BERNADETTE ETIENNE,

      Plaintiff,

v.                             Case No: 2:22-cv-64-JES-MRM

ALL SEASONS IN NAPLES, LLC
and OAKLAND MANAGEMENT
CORPORATION A/K/A ALL
SEASONS NAPLES, A SENIOR
LIVING FACILITY,

      Defendants.

_____

## OPINION AND ORDER

This case comes before the Court on Defendants' Motion to Dismiss Count II of Plaintiff's Complaint (Doc. #18) filed on March 25, 2022. Plaintiff filed a Response (Doc. #23) on April 14, 2022. For the reasons set forth, the motion is **denied**.

### I.

According to the Complaint (Doc. #1): Bernadette Etienne (plaintiff or Etienne), a Black woman, is a Certified Nursing Assistant and, sometime in 2020, started working for All Seasons in Naples, LLC and Oakland Management Corporation a/k/a All Seasons Naples, a Senior Living Facility (collectively, defendants or All Seasons). When Etienne applied to work for All Seasons, she disclosed that she could not work Saturdays. (Id. ¶ 24.) After she was hired, Etienne informed her supervisor that she could not

work Saturdays or overnight shifts. (Id. ¶ 25.) Despite notifying her supervisor, Etienne was targeted based on race and scheduled to work Saturdays and overnights. (Id. ¶¶ 26-27.) Etienne states that she complained to management about her supervisor's unfair and discriminatory treatment. (Id. ¶ 38.)

Etienne was subsequently terminated by All Seasons around January 21, 2021. (Id. ¶ 10.) Around April 16, 2021, Etienne filed a charge with the EEOC, asserting race and color discrimination and retaliation. (Id. ¶ 15.) On November 1, 2021, the EEOC issued a Notice of Right to Sue. (Id. ¶ 16.) Etienne filed her Complaint in this District Court on January 31, 2022. In the Complaint, Etienne brings two counts: (1) race and color discrimination in violation of Title VII (id. ¶¶ 28-36); and (2) retaliation in violation of Title VII (id. ¶¶ 37-42). All Seasons moves to dismiss Count II only. (Doc. #18.)

**II.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief

above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

### III.

All Seasons argues that Etienne's retaliation claim should be dismissed with prejudice for two reasons: (1) Etienne failed to

3

exhaust her administrative remedies and now cannot timely file a charge of discriminatory retaliation (Doc. #18, pp. 4-7, 11-12); and (2) Etienne failed to state a retaliation claim (id. pp. 7-10.) The Court discusses these in reverse.

Under Title VII, it is unlawful "for an employer to discriminate against any of his employees" "because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). "A prima facie case of retaliation under Title VII requires the plaintiff to show that: (1) she engaged in an activity protected under Title VII; (2) she suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse employment action." Crawford v. Carroll, 529 F.3d 961, 970 (11th Cir. 2008) (citation omitted).

All Seasons argues that Etienne fails to allege the first and third elements. However, when viewing the allegations of the Complaint in light most favorable to plaintiff, Etienne plausibly alleges that she complained about discriminatory treatment based on race and color and was then terminated. Etienne alleges that she was receiving "unfair treatment" "due to her race and color" by "her Supervisor." (Doc. #1 ¶¶ 38-39.) She alleges that her supervisor targeted her by scheduling her for Saturday and

4

overnight shifts and writing her up despite having the knowledge and notice of Etienne's scheduling conflicts. (Id. ¶¶ 25-27, 37, 39.) Etienne also alleges that she "report[ed] to Management about the unfair treatment she was receiving from her Supervisor," which was based on race and color, that she was terminated, and that her termination was connected to her complaints to management. (Id. ¶¶ 10, 38, 42.) See, e.g., Shadduck v. City of Arcadia, Fla., No. 2:21-CV-741-JES-NPM, 2022 WL 45052, at *4 (M.D. Fla. Jan. 5, 2022) ("The names of the superior officers and the lieutenant are not required to assert a plausible claim for retaliation at this stage of the proceedings."). Etienne, thus, plausibly alleges that she engaged in protected activity by complaining about race discrimination to management which led to All Seasons terminating her employment. All Seasons' motion to dismiss for failure to state a retaliation claim is denied.

All Seasons also argues that Etienne cannot bring any retaliation claim because she failed to exhaust her administrative remedies. Namely, All Seasons argues that Etienne did not check the retaliation box and did not allege facts relating to a retaliation in her EEOC charge.

"Prior to filing a Title VII action [] a plaintiff first must file a charge of discrimination with the EEOC." Gregory v. Georgia Dep't of Hum. Res., 355 F.3d 1277, 1279 (11th Cir. 2004) (citation omitted). A "plaintiff's judicial complaint is limited by the

5

scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Id. (quotation omitted). Courts, however, are "extremely reluctant to allow procedural technicalities to bar claims brought under Title VII [and] the scope of an EEOC complaint should not be strictly interpreted." Id. (cleaned up).

As an initial matter, although All Seasons cites to the EEOC charge, All Seasons did not attach a copy of the charge to its motion (nor was the charge attached to the Complaint). (Doc. #18, p. 6.) Looking to the Complaint, Etienne started working for All Seasons sometime in 2020, faced discriminatory treatment (as described above), was terminated on January 21, 2021, and filed her EEOC charge based on race and color discrimination and retaliation in April 2021. (Doc. #1, ¶¶ 7, 10, 15.) Even if Etienne did not explicitly check the retaliation box on her EEOC charge, "[a]n EEOC investigation of her race and [color] discrimination complaints leading to her termination would have reasonably uncovered any evidence of retaliation." Gregory, 355 F.3d at 1280. In other words, the retaliation claim could be reasonably expected to grow from her discrimination charge. Accordingly, All Seasons' motion to dismiss for failure to exhaust administrative remedies is denied.

Accordingly, it is now

**ORDERED:**

Defendants' Motion to Dismiss Count II (Doc. #18) is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this __18th__ day of April, 2022.

                                                    _____
                                                    JOHN E. STEELE
                                                    SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record