```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

BERNADETTE ETIENNE,

        Plaintiff,

v.                                  Case No:  2:22-cv-64-JES-MRM

ALL SEASONS IN NAPLES, LLC
and OAKLAND MANAGEMENT
CORPORATION A/K/A ALL
SEASONS NAPLES, A SENIOR
LIVING FACILITY,

        Defendants.

_____

## OPINION AND ORDER

This case comes before the Court on defendants' Motion to Compel Arbitration (Doc. #29) filed on May 2, 2022. Plaintiff filed a Response (Doc. #34) on May 17, 2022. For the reasons set forth, the motion is **denied**.

### I.

The Court previously described the allegations of the Complaint (Doc. #1) when denying defendants' motion to dismiss:

> Bernadette Etienne (plaintiff or Etienne), a Black woman, is a Certified Nursing Assistant and, sometime in 2020, started working for All Seasons in Naples, LLC and Oakland Management Corporation a/k/a All Seasons Naples, a Senior Living Facility (collectively, defendants or All Seasons).  When Etienne applied to work for All Seasons, she disclosed that she could not work Saturdays.  (Id. ¶ 24.)  After she was hired, Etienne informed her supervisor that she could not work Saturdays or overnight

>shifts. (Id. ¶ 25.) Despite notifying her supervisor, Etienne was targeted based on race and scheduled to work Saturdays and overnights. (Id. ¶¶ 26-27.) Etienne states that she complained to management about her supervisor's unfair and discriminatory treatment. (Id. ¶ 38.)
>
>Etienne was subsequently terminated by All Seasons around January 21, 2021. (Id. ¶ 10.) Around April 16, 2021, Etienne filed a charge with the EEOC, asserting race and color discrimination and retaliation. (Id. ¶ 15.) On November 1, 2021, the EEOC issued a Notice of Right to Sue. (Id. ¶ 16.) Etienne filed her Complaint in this District Court on January 31, 2022. In the Complaint, Etienne brings two counts: (1) race and color discrimination in violation of Title VII (id. ¶¶ 28-36); and (2) retaliation in violation of Title VII (id. ¶¶ 37-42).

(Doc. #24, pp. 1-2.)

Defendants now move to compel arbitration. (Doc. #29.) In support of their motion, defendants cite a page in the Oakland Management Corporation Employee Handbook (Handbook), which includes the following arbitration provision:

>By signing the acknowledgement sheet to this Handbook, the Employee agrees that any and all claims relating to employment or the termination of employment will be submitted to binding arbitration in accordance with the rules of the American Arbitration Association governing commercial arbitration in the county of the main office where the employee reports to work. The determination of the arbitrator(s) shall be binding upon the parties, shall not be appealable, and judgment upon the award of the arbitrator(s) may be entered by any court of competent jurisdiction. Each party shall pay its own costs and expenses incurred in connection with

>    such arbitration, including attorney's fees, regardless of the outcome of the proceedings.

(Doc. #29-1, p. 2). Defendants also provide the cover of the Handbook, which was electronically signed by Etienne on January 3, 2020. (Id. p. 1; see also Doc. #34-2.)

In response to the motion to compel, Etienne provides the Acknowledgement page (Acknowledgment) of the Handbook (Doc. #34-1), which includes the following language:

>    I _____, employed at _____ with OMC, acknowledge receipt of the Employee Handbook and understand that I am responsible for understanding the contents of the Handbook and will adhere to the policies and procedures, as may be amended or revised, including but not limited to, the policies and procedures regarding Harassment and Discrimination.

(Id.) The Acknowledgement is not signed. (Id.)

## II.

The provisions of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, establishes a federal policy in favor of arbitration. Shearson/American Express, Inc. v. McMahon, 482 U.S. 220, 226 (1987); Walthour v. Chipio Windshield Repair, LLC, 745 F.3d 1326, 1330 (11th Cir. 2014) (FAA was enacted in order to ensure the "enforcement of arbitration agreements according to their terms so as to facilitate streamlined proceeding.").

The FAA provides that any dispute arising out of a contract that has a written agreement to arbitrate "[s]hall be valid,

3

irrevocable and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2; see Pendergast v. Sprint Nextel Corp., 691 F.3d 1224, 1231 (11th Cir. 2012). The FAA creates "a presumption of arbitrability such that any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." Bazemore v. Jefferson Capital Sys., LLC, 827 F.3d 1325, 1329 (11th Cir. 2016). Although the scope of an arbitration clause should be resolved in favor of arbitration, the same reasoning does not apply to disputes concerning whether an agreement to arbitrate has been made. Id. Deciding whether an arbitration agreement exists at all is "simply a matter of contract." Id. Absent such an agreement the court cannot compel a party to arbitrate. Id.

"To prove the existence of a contract under Florida law, the party seeking to enforce the contract must prove 'offer, acceptance, consideration and sufficient specification of essential terms.' The proponent of the contract must prove these elements by a preponderance of the evidence." Schoendorf v. Toyota of Orlando, No. 6:08-cv-767, 2009 U.S. Dist. LEXIS 33528, at *16 (M.D. Fla. Apr. 21, 2009) (quoting St. Joe Corp. v. McIver, 875 So. 2d 375, 381 (Fla. 2004); then citing Robbie v. City of Miami, Fla., 469 So. 2d 1384, 1385 (Fla. 1985)). "When one party is seeking to enforce a challenged agreement to arbitrate, 'the [party] who should lose on the issue of an agreement to arbitrate

4

is the one who failed to carry its burden of proving an acceptance of arbitration as a contractual remedy." Id. (citing Steve Owren, Inc. v. Connolly, 877 So. 2d 918, 920 (Fla. 4th DCA 2004)).

The arbitration provision in the Handbook expressly provides that an employee agrees to arbitrate their claims "[b]y signing the acknowledgement sheet to this Handbook." Defendants have provided no evidence of an Acknowledgment signed by Etienne. Conversely, although Etienne does not dispute that her electronic signature appears on the cover page of the handbook, Etienne has provided evidence that she never signed the Acknowledgment page. (Doc. #34-1).

Additionally, on its face, the unsigned Acknowledgment fails to create an enforceable agreement to arbitrate. "Florida courts will find in favor of an enforceable agreement to arbitrate if the acknowledgment incorporates by reference the arbitration policy contained in an employee handbook." Gustave v. SBE ENT Holdings, LLC, No. 19-23961-Civ-Scola, 2020 U.S. Dist. LEXIS 180264, at *12 (S.D. Fla. Sep. 30, 2020) (finding enforceable arbitration agreements when "each signed Acknowledgement states that the employees 'accept and agree to all terms and conditions of the policy for Binding and Final Arbitration as they are described in this Handbook'"); Lemmon v. Lincoln Prop. Co., 307 F. Supp. 2d 1352, 1353 (M.D. Fla. 2004) (enforceable agreement to arbitrate based on signed acknowledgment which stated that: "I understand

that by agreeing to the binding arbitration provision of the Handbook, both the employee and the company give up rights to trial by jury."); but see Etienne v. Hang Tough, Inc., No. 08-CV-61682, 2009 U.S. Dist. LEXIS 41104, at *11 (S.D. Fla. Apr. 28, 2009) (denying motion to compel arbitration because no enforceable agreement to arbitrate in handbook or acknowledgment).

Here, the Acknowledgement does not incorporate by reference the Arbitration Provision, so even if the Acknowledgment was signed, the Acknowledgment is not an enforceable agreement to arbitrate under Florida law.  Defendants have failed to carry their burden of proving the existence of an agreement to arbitrate between Etienne and defendants.

Accordingly, it is now

**ORDERED:**

Defendants' Motion to Compel Arbitration (Doc. #29) is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this __18th__ day of July, 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

6